UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DENNIS K.,[1]

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case # 23-CV-567-FPG

DECISION AND ORDER

## INTRODUCTION

Plaintiff Dennis K. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied his application for Disability Insurance Benefits ("DIB") under Title II the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 8, 9. For the reasons that follow, Plaintiff's Motion for Judgment on the Pleadings is DENIED, the Commissioner's Motion for Judgment on the Pleadings is GRANTED, and the complaint is DISMISSED WITH PREJUDICE.

## BACKGROUND

In November 2020, Plaintiff applied for DIB with the Social Security Administration ("the SSA"). Tr.[2] 15. He alleged disability between August 13, 2015 and December 31, 2018, the date that he was last insured for purposes of DIB. Tr. 15, 17. The application was denied on April 8, 2021, and upon reconsideration on May 20, 2021. Tr. 15. On March 4, 2022, Administrative Law Judge Lucian A. Vecchio ("the ALJ") held a hearing. Tr. 34–70. The ALJ issued a decision finding

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF Nos. 5, 6, 7.

that Plaintiff was not disabled on April 19, 2022. Tr. 15–28. On April 26, 2023, the Appeals Council denied Plaintiff's request for review. Tr. 1. This action seeks review of the Commissioner's final decision. ECF No. 1.

**LEGAL STANDARD**

**I. District Court Review**

The scope of this Court's review of the ALJ's decision denying benefits to Plaintiff is limited. It is not the function of the Court to determine *de novo* whether Plaintiff is disabled. *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 447 (2d Cir. 2012). Rather, so long as a review of the administrative record confirms that "there is substantial evidence supporting the Commissioner's decision," and "the Commissioner applied the correct legal standard," the Commissioner's determination should not be disturbed. *Acierno v. Barnhart*, 475 F.3d 77, 80–81 (2d Cir. 2007). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brault*, 683 F.3d at 447–48 (internal citation and quotation marks omitted).

**II. Disability Determination**

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 404.1509, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id.* § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

**DISCUSSION**

**I. The ALJ's Decision**

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, he found that Plaintiff had not engaged in substantial gainful activity from his alleged onset date of August 13, 2015, through his date last insured of December 31, 2018. Tr. 17. At step two, he found that Plaintiff had severe impairments of cervicalgia; ankle disorder; knees disorder; chronic obstructive pulmonary disease (COPD); sleep apnea; status-post congestive heart failure; hypertension; diabetes; and obesity. Tr. 17–18. At step three, the ALJ concluded that none of

Plaintiff's impairments met or medically equaled one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 18.

Next, the ALJ found that Plaintiff had the RFC to perform to perform light work as defined in 20 CFR 404.1567(b), but with additional limitations, including that Plaintiff (1) could be off-task up to 10% of the workday; (2) could be absent an average of one day per month; (3) could not climb ladders, scaffolds, or stairs, or walk on uneven surfaces, or have exposure to unprotected heights or heavy machinery, or operate motor vehicles; and (4) must avoid respiratory irritants. Tr. 19. At step four, the ALJ determined that through the date last insured, Plaintiff was unable to perform any past relevant work. Tr. 26. At step five, the ALJ found that, given his age, education, work experience, and RFC, there were jobs available in the national economy that Plaintiff could perform. Tr. 26. Accordingly, the ALJ found that Plaintiff is not disabled. Tr. 27.

## II. Analysis

Plaintiff argues that remand is warranted because the ALJ (a) failed to obtain a retrospective opinion related to Plaintiff's impairments during the remote relevant time period; (b) improperly crafted the RFC based on his own lay interpretation of the evidence and without any explanation; and (c) failed to evaluate Plaintiff's need for supplemental oxygen. ECF No. 8-1 at 1. For the reasons discussed below, the Court concludes that remand is not warranted on these grounds.

### a. Retrospective Opinion Argument

Plaintiff first argues that remand is warranted because the ALJ did not fulfill his duty to develop the record in this case. ECF No. 8-1 at 12. Specifically, Plaintiff argues that the relevant time period for Plaintiff's claim is August 13, 2015 to December 31, 2018, and therefore, the ALJ erred by not obtaining a consultative physical examination or other medical opinion that would apply retrospectively to assess Plaintiff's conditions during the relevant time period. *Id.* at 14.

"[T]he ALJ, unlike a judge in a trial, must [him]self affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding." *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996) (internal quotation marks omitted). This duty "exists even when . . . the claimant is represented by counsel." *Id.* Thus, generally, an ALJ should seek additional evidence or clarification "when there is a conflict or ambiguity that must be resolved, when the medical reports lack necessary information, or when the reports are not based on medically acceptable clinical and laboratory diagnostic techniques." *Jason C. v. Berryhill*, 17-cv-01106, 2019 WL 1409804, at *5 (N.D.N.Y. Mar. 28, 2019) (quoting *Janes v. Colvin*, 15-CV-1518, 2017 WL 972110, at *4 (N.D.N.Y. Mar. 10, 2017), *aff'd* 710 F. App'x 33 (2d Cir. 2018) (summary order). However, the ALJ is not required to further develop the record where all evidence of record is consistent and sufficient, such that the ALJ can make his determination without additional evidence. *See Hernandez v. Comm'r of Soc. Sec*., No. 13-CV-959, 2015 WL 275819, *2 (N.D.N.Y. Jan. 22, 2015). "The mere absence of some medical records is insufficient to show that the ALJ failed in her duty or that reversible error occurred." *Jason C.*, 2019 WL 1409804, at *5 (quotation omitted). Further, an ALJ has taken reasonable steps to complete the record where he specifically asks a plaintiff's attorney if the records before him are complete, and the attorney answers affirmatively. *See Jennifer M.*, No. 23-CV-494, 2024 WL 5378976, at *5 (N.D.N.Y. July 23, 2024) (collecting cases).

Here, Plaintiff argues that the ALJ needed to further develop the record, but he does not explain why the ALJ would be unable to make his RFC determination absent a retrospective opinion. Indeed, the ALJ and Plaintiff's counsel requested opinions from providers regarding Plaintiff's functioning during the relevant period, but such opinions were not submitted. *See* Tr. 342, 499, 1219. Nevertheless, at the hearing Plaintiff's attorney affirmatively stated that the record was complete. Tr. 36–37. As such, the ALJ met his duty to develop the record. *See Dale A.M. v.*

*Comm'r of Soc. Sec.*, 19-CV-1150, 2021 WL 1175160, at *12 (N.D.N.Y. Mar. 29, 2021) ("[A]n ALJ need not take any further steps to develop the record where he asks a claimant's attorney if the records are complete and the attorney responds affirmatively."). Further, the ALJ rendered his RFC determination based on sufficient evidence including treatment records between October 2014 and November 2020; the opinion of State Agency Review Physician C. Krist, D.O.; the opinion of Consultative Examiner Abrar Siddiqui; and the opinion of State Agency Review Physician G. Ehlert, M.D. Tr. 20–25. Consequently, remand is not warranted on this basis.

**b. RFC Determination**

Plaintiff's second argument is that remand is warranted because the ALJ improperly crafted the RFC based on his own lay interpretation of the evidence and without any explanation. ECF No. 8-1 at 12. Specifically, Plaintiff argues that the ALJ (1) did not rely on any specific medical opinion in order to formulate the RFC, supplanting the role of a medical expert and rendering a conclusion that is beyond his expertise as a lay person, *id.* at 14; and (2) failed to explain how he reached his specific conclusions in the RFC determination, *id.* at 19.

As for the first argument, Plaintiff argues that the RFC was not supported by substantial evidence because the ALJ did not have a medical opinion from the relevant time period. *Id.* at 14. The Court disagrees. "The law is quite settled that a medical opinion is not required to formulate an RFC, as it is an administrative finding, not a medical finding." *Philip M. v. Comm'r of Soc. Sec*, 25-cv-00094, 2026 WL 1279105, at *6 (W.D.N.Y. May 11, 2026). Therefore, where the record contains sufficient information for the ALJ to formulate an RFC supported by substantial evidence, remand is not warranted on the basis that the ALJ did not rely on a medical opinion from the relevant time period in crafting the RFC. *Id.* Here, as discussed above, the ALJ considered treatment records between October 2014 and November 2020; the opinion of State Agency Review Physician C. Krist, D.O.; the opinion of Consultative Examiner Abrar Siddiqui; the opinion of

State Agency Review Physician G. Ehlert, M.D; and Plaintiff's statements regarding his symptoms and daily activities. Tr. 20–25. Further, the ALJ described the evidence and explained how he used it to craft the RFC. *See id.* As such, the Court concludes that the RFC was supported by substantial evidence.

To the extent that Plaintiff argues that a function-by-function analysis was required, and remand is necessary without it, that argument is similarly unavailing. The Second Circuit has noted that "[w]here an ALJ's analysis. . . regarding a claimant's functional limitations and restrictions affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence such that additional analysis would be unnecessary or superfluous, . . . remand is not necessary merely because an explicit function-by-function analysis was not performed." *Domm v. Colvin*, 579 F. App'x 27, 28–29 (2d Cir. 2014) (summary order) (quoting *Cichocki v. Astrue,* 729 F.3d 172, 177 (2d Cir. 2013)) (internal quotation marks omitted). For the same reasons as described above, the Court concludes that the RFC was supported by substantial evidence. Consequently, the ALJ provided an adequate basis for meaningful judicial review and applied the proper legal standard. Thus, remand is not warranted on this basis.

As for the second argument that the ALJ failed to explain how he reached his specific conclusions in the RFC, Plaintiff specifically points to the RFC's limitations that Plaintiff would "be off-task up to 10% of the workday" in addition to an average of one absence per month. ECF No. 8-1 at 22. Plaintiff also faults the ALJ for failing to discuss Plaintiff's use of an assistive device. *Id.* As for the off-task limitation and absenteeism, Plaintiff points to no medical source that opined that he required an off-task limitation or absence in his RFC. Further, while Plaintiff argues that the ALJ did not explain how he reached his conclusion, the ALJ explicitly explained that he credited "the claimant's subjective reports of medication side effects and/or symptoms such as pain and fatigue" and determined that it would be "reasonable to expect that [Plaintiff] would be

limited to simple tasks and simple workplace judgments without production pace demands and an allowance for some degree of off-task behavior and absenteeism to account for periods of particularly intense symptomatology." Tr. 21. As such, Plaintiff is essentially arguing that the ALJ erred by accepting portions of his testimony regarding his limitations, which were not covered in a medical source opinion. Remand is not warranted on such a basis. *See Hamilton v. Comm'r of Soc. Sec.*, No. 19-CV-770, 2020 WL 5544557, at *6 (W.D.N.Y. Sept. 16, 2020) ("[The plaintiff] essentially argues that the ALJ was wrong to accept portions of her testimony regarding her limitations, which were not covered in a medical source opinion. But this does not constitute reversible error."); *Anissha W. v. Comm'r of Soc. Sec.*, 23-cv-6019, 2024 WL 123521, at *4 (W.D.N.Y. Jan. 11, 2024) (holding that remand was not warranted where the ALJ based a plaintiff's off-task limitation on the plaintiff's testimony).

As for Plaintiff's argument about the use of an assistive device, for a plaintiff to demonstrate error based on the use of a hand-held assistive device, the device must be medically required. *Dahl v. Comm'r of Soc. Sec.*, 12-cv-302, 2013 WL 5493677, at *5 (N.D.N.Y. Oct. 1, 2013). A cane need not be prescribed to be considered medically necessary, but there must be specific medical documentation establishing the need for it and the circumstances surrounding that need. *Hoke v. Colvin*, No. 14-CV-663, 2015 WL 3901807, at *14 (N.D.N.Y. June 25, 2015). Plaintiff has the burden to establish such medical necessity. *Wilson v. Comm'r of Soc. Sec.*, No. 13-CV-643, 2014 WL 4826757, at *10–11 (N.D.N.Y. Sept. 29, 2014). A physician's observation that a patient used a cane or had an unsteady gait does not satisfy this burden. *Hoke*, 2015 WL 3901807, at *14.

Here, there are a few references to Plaintiff presenting with a cane in the decision. Tr. 20, 23. However, there is no medical documentation establishing the need for it and the circumstances surrounding that need. *See Hoke*, 2015 WL 3901807, at *14. Indeed, Plaintiff does not even point

to any evidence in the record that suggests that a cane was medically necessary. Consequently, the Court concludes that remand is not warranted on this basis. *See Caridad H. v. Comm'r of Soc. Sec.*, 18-CV-893, 2019 WL 3253228, at *7 (N.D.N.Y. July 19, 2019) (holding that remand was not warranted on the basis that the ALJ failed to account for the plaintiff's use of a cane where the plaintiff was unable to point to any medical records suggesting that a cane was medically necessary).

**c. Supplemental Oxygen Argument**

Plaintiff's final argument is that remand is warranted because the ALJ failed to discuss that Plaintiff relied upon supplemental oxygen during the relevant time period and failed to determine how this would affect Plaintiff's ability to work. ECF No. 8-1 at 25. Again, the Court disagrees. Generally, an ALJ's decision need not be explicit in every detail or exhaustive in its discussion of the evidence. All that is required is that an ALJ's analysis "afford[ ] an adequate basis for meaningful judicial review, appl[y] the proper legal standards, and [be] supported by substantial evidence." *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). Remand may be warranted where a court is "unable to fathom the ALJ's rationale in relation to [the] evidence in the record." *Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir. 1982). Otherwise, so long as "the evidence of record permits [the court] to glean the rationale of an ALJ's decision," remand is not warranted. *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983). The mere fact that Plaintiff can identify other evidence to support a different conclusion does not entitle her to relief. *Emery S. v. Comm'r of Soc. Sec.*, No. 20-CV-662, 2021 WL 2592363, at *4 (W.D.N.Y. June 24, 2021).

In this case, the ALJ mentioned Plaintiff's use of supplemental oxygen numerous times. Tr. 22, 24–25. First, the ALJ explained that despite Plaintiff's use of supplemental oxygen, he "otherwise . . . maintained good airflow upon auscultation, clear lungs bilaterally." Tr. 22. Next, the ALJ explained that at times Plaintiff presented without his oxygen and "continued to maintain

good airflow and clear lungs upon examination." Tr. 22. Finally, the ALJ explained that consultative examiner "Dr. Siddiqui assessed mild-to-moderate limitation in claimant's ability to climb stairs, bend, lift push, pull, and carry heavy objects, mainly due to the claimant's history of COPD and his reported oxygen dependency, adding that the claimant should avoid dust, smoke, and other known respiratory irritants." Tr. 24. The ALJ's RFC determination then stated that Plaintiff could not "climb ladders, scaffolds, or stairs; or walk on uneven surfaces; or have exposure to unprotected heights or heavy machinery; or operate motor vehicles" and that Plaintiff must "avoid respiratory irritants." Tr. 19. As such, the Court can glean that the ALJ considered Plaintiff's use of supplemental oxygen and included limitations in the RFC to reflect it. Therefore, the Court concludes that remand is not warranted on this basis.

## CONCLUSION

For all of the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 8) is DENIED, and the Commissioner's Motion for Judgment on the Pleadings (ECF No. 9) is GRANTED. The complaint is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: September 22, 2026
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York